**TAX SALES:  FORFEITED LAND:  PURCHASE BY MUNICIPALITY:**  Conveyance of tax-forfeited land by the State of Minnesota to a Township for public park purposes does not supersede a prior Declaration on the property restricting the use of the property to private, residential purposes and therefore, use of the property as a public park is prohibited.  Minn. Stat. § 282.01, subd. 6 (2012).

425c-11

April 18, 2013

Mr. Robert T. Ruppe
Couri & Ruppe, P.L.L.P.
705 Central Avenue East
P.O. Box 369
St. Michael, MN  55376

      **Re:    Request for Opinion/Survival of a Declaration after Tax Forfeiture**

Dear Mr. Ruppe:

I thank you for your correspondence received February 28, 2013, requesting an opinion of the Attorney General's Office regarding the survival of a declaration after property has been forfeited to the State of Minnesota for non-payment of property taxes.

**BACKGROUND**

You state that Credit River Township has been informed by Scott County that a property in the Township has been forfeited for failure to pay taxes, and that the Township could acquire the property provided it puts the property to public use under Minn. Stat. § 282.01, subd. 1a.  The Township desires to acquire the property for public park purposes and has notified the County that it intends on acquiring the property for public park purposes, which is an authorized public use under Minn. Stat. § 282.01, subd. 1a.  The property is platted property and is subject to the Cress View Estates Declaration ("Declaration").  The Declaration is recorded in the County Recorder's office and is less than 30 years old.  Residents of the Plat of Cress View have informed the Township that they object to the use of the property as public park as the Declaration states that no lot shall be used except for private, residential purposes.  The Township recognizes that any conveyance of tax-forfeited property from the State is subject to "easements" and "restrictions of record" at the date of the tax judgment sale pursuant to Minn. Stat. § 282.01, subd. 6.

Based upon the foregoing facts, you ask if the conveyance to Credit River Township of the tax-forfeited parcel located within the Plat of Cress View Estates for public park purposes is subject to the restriction on use contained in the Cress View Estates Declaration.

## LAW AND ANALYSIS

Minn. Stat. § 282. 01, subd. 6 (2012), states that conveyance of tax-forfeited land by the Commissioner of Revenue "shall have the full force and effect of a patent from the State *subject to easements and restrictions of record* at the date of the tax judgment sale".  Based upon the facts in your letter, it is undisputed that the Declaration was of record and that the property was subject to the Declaration prior to the forfeiture of the property to the State for non-payment of property taxes.  Thus, the question essentially is whether the Declaration is an "easement or restriction of record" within the meaning of Minn. Stat. § 282. 01, subd. 6, and if so, whether the property is subject to the restrictions found in the Declaration.

We are not aware of any case that has determined that the State's conveyance of tax-forfeited land for a specific public purpose supersedes an existing easement or restriction of record on the property.  The Declaration states it "constitutes covenants to run with the Property, and further declares that the Property … shall be owned, used, occupied and conveyed subject to the covenants, restrictions, easements, charges and liens set forth in this Declaration…."  Because the Declaration is an easement and restriction of record within the plain meaning of Minn. Stat. § 282.01, subd. 6, the tax-forfeited property remains subject to the Declaration upon conveyance by the State.  A restrictive covenant will be given its obvious meaning where the language used is clear and unambiguous.  *LaValle v. Kulkay*, 277 N.W.2d 400, 403 (Minn. 1979).  The plain language of the Declaration limits the use of the lots to private, residential purposes.

## CONCLUSION

It is our opinion that use of the property for public park purposes is prohibited by the Declaration.

Sincerely,

SAMANTHA K. JUNEAU
Assistant Attorney General

(651) 757-1474 (Voice)
(651) 297-1235 (Fax)